# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 19-20549
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 10, 2020

Lyle W. Cayce
Clerk

MOSES KANJA,

     Plaintiff - Appellant

v.

SELECT PORTFOLIO SERVICING, INCORPORATED,

     Defendant - Appellee

******************************************************************

MOSES MWAURA KANJA,

     Plaintiff - Appellant

v.

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,

     Defendant - Appellee

————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-738
USDC No. 4:18-CV-941

————————

No. 19-20549

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff Moses Kanja sued the Bank of New York Mellon Trust Company, N.A., (the "Trustee") and Select Portfolio Servicing, Inc. to prevent a foreclosure sale of real property located in Sugar Land, Texas. But because his sole claim was for injunctive relief and not supported by a viable cause of action, the district court disposed of the suit on summary judgment. *See Spady v. Am.'s Servicing Co.*, No. H-11-2526, 2012 WL 1884115, at *5 (S.D. Tex. May 21, 2012) ("A request for injunctive relief, absent a cause of action supporting the entry of a judgment, is fatally defective and does not state a claim." (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002))).

On appeal, the plaintiff has not demonstrated any error of law or fact that would justify reversal. Kanja is not a debtor under the subject loan. Nor is he a party under the relevant deed of trust. The interest he claims in the property was acquired at a sheriff's sale conducted pursuant to a judgment obtained by a junior lienholder. His interest is thus subject to the Trustee's superior lien interest. *See DTND Sierra Invs. LLC v. Bank of Am., N.A.*, 871 F. Supp. 2d 567, 573 (W.D. Tex. 2012) ("Under Texas common law, foreclosure does not terminate interests in the foreclosed real estate that are senior to the lien being foreclosed, and the successful bidder at a junior lien foreclosure takes title subject to the prior liens."). Kanja never suggests that he satisfied the existing mortgage lien held by the Trustee. Thus, under Texas law, when the Trustee's lien was foreclosed, Kanja's interest was extinguished. *See Conseco Fin. Servicing Corp. v. J & J Mobile Homes, Inc.*, 120 S.W.3d 878, 883

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20549

(Tex. App. 2003) (citing *Nat'l W. Life Ins. Co. v. Acreman*, 425 S.W.2d 815, 817–18 (Tex. 1968)).

Kanja presses several other arguments on appeal, none of which were raised before the district court.  For that reason, we refuse to consider them. *See Estate of Duncan v. Comm'r*, 890 F.3d 192, 202 (5th Cir. 2018) ("This court will not consider arguments first raised on appeal . . . .").

Having found no error of law or fact, we **AFFIRM** the judgment of the district court.